[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION IN LIMINE TO EXCLUDE EVIDENCE OFUNCHARGED MISCONDUCT
The defendant is charged in violation of C.G.S. § 53a-101(a)(1) CT Page 713 with burglarizing the house his wife was inside on April 25, 1994, with the intent to commit an assault and violate an existing family violence protective order which, inter alia, enjoined the defendant from assaulting the wife. The state also alleges on the same date, he stabbed his wife, Dawn DiFelice, in that house, causing her death, for which conduct he has been charged with both felony murder in violation of C.G.S. § 53a-54c, and murder in violation of § 53a-54a. The defendant has filed a defense of extreme emotional distress. Apparently, there may be evidence from the state to show motive and intent that:
A) At the Naugatuck Valley Mall on or about April 6, 1994 the defendant threatened to kill the victim over continuing domestic problems.
B) At 65 Sumac Street on or about April 10, 1994 the defendant again threatened to kill the victim during an argument, which escalated into an assault upon Dawn DiFelice whereby the defendant grabbed her in the areas of the face and neck, hit her in the areas of the arm and shoulder, and attempted to choke and smother her. The state expects to show that as a result of his conduct on April 10, 1994, the defendant was arrested and charged with the crime of Assault in the Third Degree in violation of C.G.S. § 53a-61, which case is currently pending at the Judicial District of Waterbury as CR94-225399.
C) Subsequent to his arrest on April 20, 1994, the court (DiPentima, J.) issued a full protective order in CR94-224399, protecting Dawn DiFelice which remained in effect up to the day of her death. At the time of argument of the motion, the defendant's objection to this evidence was withdrawn.
D) At 65 Sumac Street in Waterbury on or about April 24, 1994 in the evening hours, the defendant after locking the door and disconnecting the telephone, held a knife to the victim and threatened to kill her.
Because the court finds that such evidence may be relevant to the issue of intent, a necessary element which the state must prove beyond a reasonable doubt, as to the crimes charged of Burglary in the First Degree, Felony Murder and Murder, the motion to bar such testimony in limine is denied. Because of the direct nature of the defendant's statements and the close proximity in time to the acts bringing about the death of Dawn DiFelice allegedly committed by the defendant, the evidence is CT Page 714 highly relevant, material and probative, outweighing any prejudicial effect, and satisfying the two pronged test enunciated in State v. Cooper, 227 Conn. 417. Evidence of such conduct, while not admissible to prove bad character or criminal tendencies, is admissible to prove such things as intent and motive. A limiting instruction can serve to limit any prejudicial aspect of such evidence.
A trial is not like a Chinese opera where the audience knows how the story will unfold before the curtain rises. Except for the charging documents and briefs, the court knows nothing about this case. Since evidence is often admissible in relation to other evidence introduced, further objections or requests for limiting instructions as to any such evidence are best left to the time of trial when the background for the offer of such evidence may have been set. The in limine relief sought is denied.
FLYNN, J.